[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is a petition seeking habeas corpus relief from allegedly unlawful confinement resulting from a judgment of conviction, after a jury trial, of burglary first degree, robbery first degree, larceny second degree, and four counts of unlawful restraint first degree, for which the petitioner received a total, effective sentence of thirty years incarceration. This judgment of conviction was affirmed on appeal, State v. Graham, 13 Conn. App. 554
(1988).
On January 3, 1994, the petitioner filed a fourth amended petition alleging unlawful confinement in three counts. Count one was withdrawn previously, and, on an earlier occasion the, court dismissed the claims contained in the second count, paragraphs 1.a., 1.b., and 1.c. Also, at the habeas hearing, the petitioner withdrew the allegation of the third count regarding ineffective assistance by trial and appellate counsel. The petitioner, in his trial brief, omits any reference or argument as to the remaining claim of the third count, viz. the purported ineffective assistance of habeas counsel, and the court regards that claim as abandoned. Thus, the only claim now before the court is that set forth in paragraph 1.d. of the second count.
That remaining claim asserts that the petitioner's right to CT Page 9337 due process of law, guaranteed by the state and federal constitutions, was violated when the prosecutor at the petitioner's criminal trial "knowingly failed to advise the petitioner or his trial counsel of the criminal history/criminal record/probationary status under the accelerated rehabilitation or youthful offender statute/disposition of all criminal charges pending or disposed of against Dinah Renee McNair as of the time of her trial testimony . . . ."
Attorney John Cocheo was the prosecutor at the petitioner's criminal trial. He testified at the habeas hearing that, while he had no specific recollection of exactly what information was provided to the petitioner's counsel at the time of the criminal trial, he always disclosed all available criminal histories and records of a state's witness to a criminal defendant upon request. He stated he did not knowingly withhold any such information from the petitioner or his counsel.
The petitioner's trial attorney did not testify at the habeas hearing. The court has considered all the pertinent evidence offered as to this issue and finds that Cocheo's testimony was credible. The court finds that the petitioner has failed to prove that Cocheo knowingly withheld the information as the petitioner has alleged. Consequently, the petitioner has failed to meet his burden of proving his allegation, as set forth in paragraph I.d. of the second count of his petition, by a preponderance of the evidence.
For these reasons, the petition is dismissed.
Sferrazza, J.